SUMMONS ISSUED

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X

JONATHAN HICKS,

                        Plaintiff,

       - against -

THE CITY OF NEW YORK, and JOHN DOES A-F the name
"Doe" being Fictitious and intended to represent those Police
Officers Involved in the use of unlawful search and seizure and
False Imprisonment, assault, battery, use of excessive force,
Intentional infliction of emotional distress, against Plaintiff,

                       Defendants.
-------------------------------------------------------------------------X

CV 12-5081

COMPLAINT
JURY TRIAL DEMANDED

COGAN, J.

    Plaintiff, by his attorneys, **MANGAN GINSBERG LLP**, for his Complaint against the Defendants, alleges, at all times material herein, that:

## SUMMARY OF THE ACTION

1)     Plaintiff Jonathan Hicks brings this civil rights action for false arrest, excessive force, and municipal liability, pursuant to 42 U.S.C. §1983, against the City of New York and defendant NYPD Police Officers for their conduct in breaking into Mr. Hick's apartment in Brooklyn on May 29, 2010 and physically injuring him during a forcible arrest. The defendant police officers had no warrant to enter the apartment nor did they have probable cause. Jonathan Hicks was not accused or charged with any crime, nor did he commit any crime. After the police officers stormed into Jonathan Hicks' apartment following his refusal to voluntarily allow them to enter, the officers assaulted him by beating him with their fists and striking him with a "taser" stun gun, three times in the face and torso.

## VENUE AND JURISDICTION

2) This action is brought pursuant to 42 U.S.C. 1983 and 1988 and the Fourth and Fourteenth Amendments to the United States Constitution and pursuant to New York State Tort law and the New York State Constitution.

3) Jurisdiction is founded on the existence of a Federal question, and a question arising under an Act of Congress, U.S.C., Title 42, Sec. 1983, as hereinafter more fully appears.

4) Venue is properly laid in this District under 28 U.S.C. Section 1391(b), this being the District in which the claim arose.

## PARTIES

5) Plaintiff, JONATHAN HICKS is a resident of the State of New York, County of Kings, and is African American.

6) Defendant CITY OF NEW YORK (hereinafter referred to as City) is, and was at all times material herein, a municipal corporation formed pursuant to the laws of the State of New York and was the employer of the Defendant agents and officers.

7) Defendants "John Does" are, upon information and belief, New York City Police Officers and Detectives at the time of the events described herein and acted in their official capacities and individual capacities. Upon information and belief, the John Doe defendants are a part of the 83rd Precinct Police Station, located at 179 Wilson Avenue, Brooklyn, NY.

8) All individual defendants are being sued in their individual capacities.

9) The City of New York (the "City") at all times material herein was responsible for the hiring, training, supervision, discipline, retention and promotion of the police officers, sergeants, agents and/or employees of the New York City Police Department.

## FACTS

10) On May 29, 2010, at approximately 9:30 p.m., Plaintiff was lawfully in his apartment located at 1415 Dekalb Avenue, Kings County, when Police officers from the 83rd

precinct knocked on Plaintiff's door asking him to step outside.

11) When Plaintiff refused to open his door completely, leaving it slightly ajar, police officers, whose identities are unknown at this time, directed Plaintiff to open the door and let them enter the apartment.

12) The defendant officers did not have a warrant. Jonathan Hicks refused to allow the defendant police officers enter his apartment and shut the door, and the defendants, in clear violation of the Fourth Amendment of the United States Constitution, without warrant, probable cause, or other justification, rammed Mr. Hicks door, causing a breach in the entryway, and stormed into the home.

13) Once inside, the storming officers assaulted Jonathan Hicks with a "Taser" electric-shock stun gun that struck him three (3) times on the face and torso. Jonathan Hicks suffered bruising, contusions, lacerations and abrasions, including head and shoulder injuries, a black eye and multiple Taser wounds.

14) Jonathan Hicks was then forcibly and falsely detained against his will, handcuffed, and dragged down the stairs of his apartment building.

15) Jonathan Hicks had committed no crime, nor would the defendant police accuse him of any crime, or bring Mr. Hicks to any court.

16) Defendants took Jonathan Hicks to Woodhull Medical and Mental Health Center on a stretcher, where he was treated for his physical injuries, received a psychiatric evaluation, and was discharged at approximately 6:38 p.m. on May 30, 2010.

17) The defendant officers, upon information and belief, were supervised, instructed, ordered and condoned by supervising ranking police officers and NYPD policy makers, responsible for the policies and supervision of all police officers involved in this conduct.

18) The conduct of the defendant NYPD police officers was, upon information and belief, consistent with the City of New York's policies for the supervision, training, discipline and hiring of NYPD officers.

19) The City of New York had reason to believe, through notice of the prior conduct of its police officers, that its police officers are prone to and do falsely arrest, imprison, defame and charge civilians, that its police officers are prone to and do batter, abuse and assault prisoners, that is police officers are prone to make false accusations in sworn instruments, and the City of New York through the NYPD does not adequately train, supervise or prevent this conduct, and that the NYPD and the City, by knowing of this pattern of conduct and without preventing or restricting it, does in fact condone this conduct.

## AS AND FOR A FIRST CAUSE OF ACTION
(False Arrest Under the 4th and 14th Amendments
of the U.S. Constitution and 42 U.S.C. § 1983)

20) Plaintiff realleges the facts stated in all paragraphs above as if stated fully herein.

21) Plaintiff was falsely and unlawfully arrested, imprisoned, detained, searched and deprived of liberty against his will.

22) Defendants violated the protections guaranteed to Plaintiff as a citizen of the United States by arresting, detaining, imprisoning, and kidnapping him without probable cause.

23) Defendants committed these false and unlawful arrests, imprisonments, detentions, searches and deprivations of liberty while knowing that they did not have probable cause, knowing that these acts were unlawful and knowing that these acts were without justification and defendants engaged in these acts to intentionally violate the plaintiff's rights, privileges and immunities secured by the United States Constitution, or engaged in these acts with reckless disregard to the plaintiff' rights, privileges and immunities secured by the United States Constitution.

24) All Defendants acted under color of law.

25) Defendants apprehended Plaintiff based upon racial profiling and/or because of other improper reasons.

26) The City of New York violated protections guaranteed to plaintiff as a citizen of the United States by maintaining a policy or practice to deny citizens their constitutional protections without due process and/or on the basis of their race.

27) The City of New York violated protections guaranteed to Plaintiff as a citizen of the United States by failing to train, failing to supervise, failing to discipline and negligently hiring the police officers who arrested, detained, imprisoned and humiliated Plaintiff.

28) All defendants are liable for said damage and injuries pursuant to the Fourth and Fourteenth Amendments to the Constitution of the United States, and 42 U.S.C. § 1983.

## AS AND FOR A SECOND CAUSE OF ACTION

(Use of Excessive Force Under the 4th and 14th Amendments
of the U.S. Constitution and 42 U.S.C. § 1983)

29) Plaintiff realleges the facts stated in all paragraphs above as if stated fully herein.

30) All Defendants used excessive force in detaining Plaintiff, by unnecessarily striking the plaintiff, striking the plaintiff with electronic shocks from a "Taser" or stun gun, multiple times, punching him the face and body and using tightened restraints for excessive periods of time, as well as holding the plaintiff in detention for excessive periods of time, in violation of the 4th Amendment and the 14th Amendment.

31) Defendants committed battery against the plaintiff in that they actually struck or touched them in a violent, angry, rude or insolent manner.

32) Defendants' intent to injure concurred with the use of unlawful violence upon the battered plaintiff.

33) The intended injuries were to the feelings, minds, emotions and bodies of the plaintiff.

34) All Defendants acted under color of law.

35) The City of New York violated protections guaranteed to Plaintiff as a citizen of the United States by maintaining a policy or practice to deny citizens their constitutional protections without due process and/or on the basis of their race.

36) The City of New York violated protections guaranteed to Plaintiff as a citizen of the United States by failing to train, failing to supervise, failing to discipline and negligently hiring the police officers who conducted these acts of violence, assault, battery and excessive force.

37) All defendants are liable for said damage and injuries pursuant to the Fourth and Fourteenth Amendments to the Constitution of the United States, and 42 U.S.C. § 1983

### AS AND FOR A THIRD CAUSE OF ACTION
(Defendant City of New York's Negligent Hiring,
Supervision, Training and Failure to Discipline)

38) Plaintiff realleges the facts stated in all paragraphs above as if stated fully herein.

39) The City of New York knows of the likelihood that its police officers make false arrests without probable cause, and using excessive force and battery upon persons, knows that its police officer employees have the propensity to falsely charge and maliciously prosecute its citizens, know that its police officers have the propensity to use excessive force, to use techniques intended to cause extreme emotional harm and distress while in police custody, and to defame its citizens, but has failed to protect citizens from this conduct by negligently hiring, failing to properly screen candidates for employment, failing to train, failing to supervise and failing discipline its police officers.

40) As a result, Plaintiff was falsely arrested, subject to excessive force and battery, and was otherwise injured to his body and his mind.

41) Plaintiff was injured due to the failure of the City of New York, through the NYPD, to properly hire, screen, train, supervise and discipline its officers, including the defendant officers.

42) The City of New York is liable to the plaintiff for their injuries sustained as a result of negligent hiring, screening, training, supervision and disciplining.

### AS AND FOR A FIFTH CAUSE OF ACTION

(The City of New York is liable under *Monell* for Maintaining Unconstitutional Policies and Practices including, but not limited to Failing to Adequately Train and Supervise Police Officers.)

43) Plaintiff realleges the facts stated in all paragraphs above as if stated fully herein.

44) The City of New York, through the New York City Police Department, maintains a policy that its police officers should circumvent the privileges and immunities conferred upon its citizens by the United States Constitution, and specifically, the Fourth Amendment, by encouraging police officers to make unlawful arrests without probable cause, and to file and maintain false charges against its citizenry.

45) The City has known of the likelihood that its police officers make arrests based on racial profiling or by other error, has known their propensity towards arresting on baseless charges, but has failed to protect citizens from these unlawful acts by failing to properly and sufficiently train, discipline, supervise and negligently hire its police officers.

46) Not only does the City know of its officers to make these false arrests, and to maintain false charges, but it encourages its officers to do so as a "cost of doing business" by living in certain areas within New York City. Unfortunately, most of these areas are poor areas, where the citizens do not have mobility or the same availability of choices to live somewhere else.

47) As a result of the City's policy to make discriminatory stops, arrests and to falsely prosecute persons of African American descent, Plaintiff was falsely arrested.

48) The City of New York is liable to the plaintiff for their injuries sustained as a result of negligent hiring, screening, training, supervision and disciplining and the policies of the City of New York.

## **PRAYER FOR RELIEF**

WHEREFORE, plaintiff demand judgment and pray for the following relief, jointly and severally, against the Defendants:

(a) special and compensatory damages in the amount of five-hundred thousand dollars ($500,000) dollars;

(b) punitive damages in the amount of five hundred thousand ($500,000) dollars;

(c) reasonable attorney's fees and the costs of litigation of this action pursuant to 42 U.S.C. § 1988; and

(d) such other and further relief as to this Court seems just and proper.

Dated: New York, New York
       October 8, 2012

MANGAN GINSBERG LLP

By: Michael P. Mangan (MM-5773)
*Attorneys for Plaintiff*
160 Pearl Street, 4th Floor
New York, NY 10005
(212) 248-2171